**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANTRELL HARRIS,

Plaintiff,

v.

MACOMB COUNTY CHILD PROTECTIVE SERVICES, *et al.*,

Defendants.
_______________________________ /

Case No. 2:26-cv-12829
Honorable Brandy R. McMillion
United States District Judge

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Dantrell Harris ("Plaintiff") brings this *pro se* civil rights action against Defendants Macomb County Children's Protective Services ("CPS"), Michigan Department of Health and Human Services ("DHS"), Macomb County, and CPS Worker Jillian Kidd (collectively, "Defendants") related to the removal of his minor children from the home. *See generally* ECF No. 1. Plaintiff has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**

Plaintiff is seeking civil redress against Defendant relating to the removal of his children from the home. *See* ECF No. 1, PageID.1. He alleges that in October 2026, CPS removed his children based on allegations against the children's mother which did not involve him. *Id*. at PageID.2. He states that he was not contacted or evaluated to be a suitable placement for his children and therefore he was deprived of custody in violation of his constitutional rights. *Id.* Plaintiff brings claims for Fourteenth Amendment Substantive and Procedural Due Process violations, Fourth and Fourteenth Amendment Unlawful Seizure, and Reckless Disregard for Truth. *Id.* at PageID.2-3. He seeks $1 Billion in compensatory and punitive damages and declaratory relief. *Id.* at PageID.3.

**II.**

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*), which based on his financial status, the Court **GRANTS**. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or

in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

To establish a federal civil rights claim, a plaintiff must show that they were deprived of a right, privilege, or immunity guaranteed by the federal Constitution or laws by someone acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

**III.**

Plaintiff asserts a generalized complaint with the process in which his children were removed from the home. It does not indicate in any specific way which of the named Defendants were responsible or how. While Fed. R. Civ. P. 8(a) requires that a complaint contain a "short and plain" statement of the claims, Plaintiff must still alleged sufficient facts to place the Defendants on notice of their alleged conduct. *Twombly*, 550 U.S. at 555. A § 1983 action must identify the actions of each defendant, and not the defendants collectively, as one cannot be vicariously liable for the acts of others in a civil rights case. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, CPS, DHHS, and Macomb County are simply named as parties in the Complaint. *See* ECF No. 1, PageID.1. The Complaint fails to allege any facts associated with those particular defendants; and on that ground alone, they are each subject to dismissal. Nonetheless, DHHS and CPS are subject to dismissal because they are immune from suit. The Eleventh Amendment protects states and their

departments from private civil suits in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). The State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, because state departments are protected by Eleventh Amendment immunity, they must be dismissed from this suit.

As noted, the Complaint fails to differentiate the defendants and their actions in this matter. Plaintiff references "Defendant" in the singular throughout the factual allegations and in the causes of action in the Complaint. *See* ECF No. 1, PageID.1-3. However, the Court, construing this *pro se* complaint liberally, will read those allegations to be referring to Defendant Jillian Kidd, the CPS worker who is presumably the one who removed Plaintiff's children from the home. Plaintiff specifically names her as "Defendant" in Section II. Parties, and he identifies her as a CPS worker acting under the color of state law. *Id.* at PageID.1. She is sued in individual and official capacity as a CPS worker. *Id.* However, official capacity claims against state employees are treated as actions against the state itself, and therefore, those claims are subject to dismissal under the principles of Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding

"an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).

That leaves the claims against Defendant Kidd in her individual capacity. However, the Complaint is void of any factual allegations that Kidd acted beyond the scope of her employment when removing Defendant's children from the home. Even if the Court were to consider the factual allegations alleged to be against Kidd, as to a constitutional violation, those allegations would be conclusory and insufficient to establish a claim for relief. *Twombly*, 550 U.S. at 555. The Court cannot "conjure up unpleaded facts to support conclusory allegations." *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

**IV.**

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under §1983. Accordingly, Plaintiff's Complaint (ECF No. 1) is summarily **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: August 21, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge